UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

Case No. 5:23-cv-736-MMH-PRL

TOM HUSSEY PHOTOGRAPHY, LLC,
    Plaintiff,

v.

ELDER MOVE HELPER, INC.,
    Defendant.

## ANSWER AND AFFIRMATIVE DEFENSES

Defendant, Elder Move Helper, Inc., by and through its attorney, Griffin Klema, Esq., and pursuant to Fed. R. Civ. P. 12, answers plaintiff Tom Hussey Photography, LLC's Complaint [ECF 1] and further pleads by affirmative defenses in response to this copyright trolling case in which plaintiff is demanding $600,000 for a few unremarkable Facebook posts commemorating various veteran-based holidays.

### ANSWER

1.    Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 1 and therefore denies same.

2.    Defendant admits the allegations contained in paragraph 2.

3.    Defendant admits the allegations contained in paragraph 3.

4.    Defendant admits the allegations contained in paragraph 4.

5.    Defendant admits the allegations contained in paragraph 5.

6. The allegations contained in paragraph 6 are improper bolstering and immaterial. Regardless, defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations and therefore denies same.

7. The allegations contained in paragraph 7 are improper bolstering and immaterial. Regardless, defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations and therefore denies same.

8. The allegations contained in paragraph 8 are improper bolstering and immaterial. Regardless, defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations and therefore denies same.

9. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 9 and therefore denies same.

10. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 10 and therefore denies same while admitting that the images were published works immediately upon their creation as a result of their being pre-commissioned and pre-paid by Novartis.

11. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 11 and therefore denies same while admitting that the images were published works immediately upon their creation as a result of their being pre-commissioned and pre-paid by Novartis.

12. The allegations contained in paragraph 12 include improper bolstering which should be stricken. Defendant lacks knowledge or information sufficient to form a belief about the truth of those allegations but admits the images were published works

immediately upon their creation as a result of their being pre-commissioned and pre-paid by Novartis.

13. Defendant admits the allegations contained in paragraph 13.

14. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 14 and therefore denies same.

15. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 15 and therefore denies same.

16. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 16 and therefore denies same.

17. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 17 and therefore denies same.

18. There is no new allegation contained in paragraph 18 apart from the prior paragraphs. Nevertheless, defendant denies them.

19. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 19 and therefore denies same.

20. With regard to the allegations contained in paragraph 20, defendant admits that the certificate of registration attached as Exhibit A to the Complaint states that it was assigned a particular registration number, and that its effective date of registration is February 8, 2011. However, the registration is invalid for material and knowing error.

21. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 21 and therefore denies same.

22. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 22 and therefore denies same.

23. Defendant admits the allegations contained in paragraph 23.

24. With regard to the allegations contained in paragraph 24, while defendant admits that it maintains the alleged website and social media, it denies plaintiff's characterizations in this paragraph.

25. Defendant admits that the Facebook post contained in paragraph 25, wishing friends a happy Labor Day, was publicly available online in September 5, 2021, but otherwise denies the remaining allegations.

26. Defendant admits that the Facebook post contained in paragraph 26, commemorating Armistice Day, was publicly available online in November 11, 2020, but otherwise denies the remaining allegations.

27. Defendant admits that the Facebook post contained in paragraph 27, commemorating Armistice Day, was publicly available online in October 2, 2020, but otherwise denies the remaining allegations.

28. Defendant denies that "each photograph comprising the Work" in paragraph 28 describes the Facebook post identified commemorating Memorial Day. Defendant denies the allegations.

29. Defendant admits that the exhibit attached as "B" to the Complaint appears to be a portion of defendant's Facebook at the URLs indicated, but otherwise denies the allegations contained in paragraph 29.

30. Defendant admits the allegations contained in paragraph 30, but denies that it used the alleged work for any commercial purpose, denies that the alleged work appeared on any commercial website, denies that plaintiff had any indicia of a copyright claim to the work that could have even facilitated defendant to "contact[] Plaintiff", and denies that it infringed plaintiff's copyright. In fact, Hussey intentionally avoids placing any copyright notice on its works to further his business of copyright trolling.

31. Defendant denies the allegations contained in paragraph 31.

32. Defendant admits that it may have found certain images online that are depicted on the subject website, but otherwise denies the allegations contained in paragraph 32, and denies that it used the alleged work or otherwise infringed plaintiff's copyright.

33. Defendant admits that plaintiff sent it an extortionate, copyright trolling demand letter seeking $120,000, to be paid in 14 days, but denies the remainder of the allegations contained in paragraph 33. Plaintiff has wholly failed to engage in any actual settlement negotiations and is abusing copyright by trolling.

34. Defendant denies the allegations contained in paragraph 34.

35. Paragraph 35 of the Complaint is a re-incorporation paragraph, for which defendant re-adopts its responses.

36. Defendant admits the allegations contained in paragraph 36.

37. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 37 and therefore denies same.

38. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 38 and therefore denies same.

39. Defendant denies the allegations contained in paragraph 39.

40. Defendant denies the allegations contained in paragraph 40.

41. Defendant denies the allegations contained in paragraph 41.

42. Defendant denies the allegations contained in paragraph 42.

43. Defendant denies the allegations contained in paragraph 43.

44. Defendant denies the allegations contained in paragraph 44.

45. Defendant denies the allegations contained in paragraph 45.

46. Defendant denies the allegations contained in paragraph 46.

Defendant denies that plaintiff is entitled to any relief whatsoever in this action. Defendant specifically denies all allegations, if any, and conclusions of law, if any, to which it did not specifically admit or respond to in this Answer to plaintiff's Complaint.

## AFFIRMATIVE DEFENSES

1. **Defense 1 – Statute of Limitations**. Plaintiff's claim for copyright infringement damages and other legal relief is completely barred by the Copyright Act statute of limitations. 17 U.S.C. § 507(b). Furthermore, any damages cannot exceed three years prior to the date on which the lawsuit was brought. Petrella v. Metro-Goldwyn-Mayer, Inc., 572 U.S. 663 (2014) (holding that a plaintiff may obtain "relief running only three years back from the date the complaint was filed").

2. **Defense 2 – Invalidity – § 411(b)**. Plaintiff's certificate of registration is invalid for including a material inaccuracy actually known to Tom Hussey when he filed the copyright applications with the U.S. Copyright Office. Alternatively, Hussey was willfully blind to the inaccuracy. The Register of Copyrights would have considered the inaccuracy material and would have refused to register Mr. Hussey's claim had she known of the incorrect information. Unicolors Inc. v. H&M Hennes & Mauritz, L. P., 142 S. Ct. 941 (2022).

3. **Defense 3 – Failure to State a Claim**. Because, among other reasons, the certificate of registration is invalid, plaintiff cannot state a claim for relief. 17 U.S.C. § 411(a); Fourth Estate Pub. Benefit Corp. v. Wall-Street.com, LLC, 139 S.Ct. 881 (2019).

4. **Defense 4 – No Statutory Damages or Attorney's Fees.** Because the certificate of registration is invalid, plaintiff cannot recover statutory damages or attorney's fees: any alleged infringement would have commenced prior to the effective date of registration for any new copyright certificate. 17 U.S.C. § 412.

5. **Defense 5 – Damages are Limited.** Plaintiff's damages are barred, in whole or in part, based on an objective determination of the market value of the subject work, based on prevailing market forces. E.g., Jarvis v. K2 Inc., 486 F.3d 526 (9th Cir. 2007); On Davis v. The Gap, Inc., 246 F.3d 152 (2d Cir. 2001). The objective market value of the alleged works, including past litigation settlements, is relevant to and limits plaintiff's claim to damages, whether statutory or actual.

6.     **Defense 6 – Innocent, Good Faith Use.** Plaintiff's claims and/or damages are barred, in whole or in part, because plaintiff applied no copyright notice on the work, which can be found online on a number of websites. Defendant has not willfully infringed any intellectual property or other rights owned by plaintiff and defendant acted in good faith and without any intent to injure plaintiff.

7.     **Defense 7 – Unclean Hands**. On information and belief, Tom Hussey willfully divested himself of the possible consequences and liabilities arising from his plan to abuse his copyrights by transferring the registrations and copyrights to a shell company which, on information and belief, has no assets and thus Hussey seeks to immunize his abusive litigation—all of which constitutes unclean hands for which plaintiff is barred in pursuing any equitable or legal relief.

8.     **Defense 8 – Copyright Misuse**. Plaintiff has misused the copyright in the registered work, contrary to the purposes of the Copyright Act. <u>Lasercomb America, Inc. v. Reynolds</u>, 911 F.2d 970 (4th Cir. 1990). Its improper conduct includes, but is not limited to, using enforcement efforts to derive revenue extortionately greater than the fair market value of the work ($120,000 demand letter and now $600,000 damages claim) or the fair amount of damages actually suffered, willfully ignoring and concealing prior settlements as little as $750, <u>Hussey v. Ngo</u>, no. 18-cv-24059 (S.D. Fla. Mar. 14, 2019) securing default judgments predicated on false or misleading affidavits which are further used to improperly extort settlements, and generally engaging in a pattern of improper pre-suit and litigation misconduct. Hussey cannot claim the benefits of his copyright monopoly.

/s/ Griffin Klema
Griffin C. Klema, Esq.
Fla. Bar No. 100279
Griffin@KlemaLaw.com
**Klema Law, P.L.**
PO Box 172381
Tampa, FL 33672
420 W. Kennedy Boulevard
Tampa, FL 33606
Telephone: 202-713-5292
*Attorney for Defendant*