UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

TOM HUSSEY
PHOTOGRAPHY, LLC,

    Plaintiffs,

v.                                      Case No. 5:23-CV-00736-MMH-PRL

ELDER MOVE HELPER, INC.,

    Defendants.

_____

**Uniform Case Management Report**

    The goal of this case management report is to "secure the just, speedy, and inexpensive determination of" the action. *See* Fed. R. Civ. P. 1. Under Local Rule 3.02(a)(2), this case management report should be used in all civil cases except those described in Local Rule 3.02(d). Individual judges may have additional case management preferences that can be found under each judge's name on the Court's website, flmd.uscourts.gov/judges/all.

1. **Date and Attendees**

> The parties may conduct the planning conference "in person, by telephone, or by comparable means[.]" *See* Local Rule 3.02(a)(1).

The parties conducted the planning conference on 3/11/2024. Lauren Hausman, Esq. (counsel for Plaintiff) and Griffin Klema, Esq. (counsel for Defendant) attended the conference.

2. **Deadlines and Dates**

The parties request these deadlines and dates:

| Action or Event | Date |
|---|---|
| Deadline for providing mandatory initial disclosures. *See* Fed. R. Civ. P. 26(a)(1). | 3/25/2024 |

| | |
|---|---|
| Deadline for moving to join a party, *see* Fed. R. Civ. P. 14, 19, and 20, or amend the pleadings, *see* Fed. R. Civ. P. 15(a). | 4/26/2024 |
| Deadline for serving expert disclosures under Rule 26(a)(2), including any report required by Rule 26(a)(2)(B).         Plaintiff | 7/31/2024 |
| Defendant | 8/30/2024 |
| Rebuttal | 8/28/2024 |
| Deadline for completing discovery and filing any motion to compel discovery. *See* Fed. R. Civ. P. 37; *Middle District Discovery* (2021). | 10/25/2024 |
| Deadline for moving for class certification, if applicable. *See* Fed. R. Civ. P. 23(c). | Enter a date. |
| Deadline for filing any dispositive and *Daubert* motion. *See* Fed. R. Civ. P. 56. (Must be at least five months before requested trial date.) | 12/13/2024 |
| Deadline for participating in mediation. *See* Local Rules, ch. 4.<br><br>Proposed Date of Mediation:<br>Mediator Name: Glenn J. Waldman<br>Address: 450 East Las Olas Boulevard, Suite 1400<br>Telephone: 954-462-2000 | 6/28/2024 |
| Date of the final pretrial meeting. *See* Local Rule 3.06(a). | 5/19/2025 |
| Deadline for filing the joint final pretrial statement, any motion in limine, proposed jury instructions, and verdict form. *See* Local Rule 3.06(b). (Must be at least seven days before the final pretrial conference.) | 5/5/2025 |
| Date of the final pretrial conference. *See* Fed. R. Civ. P. 16(e); Local Rule 3.06(b). | 5/12/2025 |
| Month and year of the trial term. | 6/1/2025 |

The trial will last approximately 3-5 days and be

☒ jury.

☐ non-jury.

## 3. Description of the Action

2

**Plaintiff's description**: This matter comes before the court on a claim for copyright infringement with respect to four photographs posted/displayed on defendant's Facebook.

**Defendant's description**: This is a copyright trolling case brought by a serial litigant represented by attorneys that were recently accused of deceiving the court. Affordable Aerial Photography, Inc. v. Ditommaso, no. 9:22-cv-80030 (S.D. Fla. Nov. 9, 2023) (Judge Middlebrooks admonishing plaintiff's counsel for "conduct unbecoming of a forthright litigant in federal court" and noting CopyCat Legal's omission of factual context in its pleading "borders on deceitful"). This case concerns four claims (one claim for each of four images) used on social media. Plaintiff Hussey seeks $600,000 and previously sought an arbitrary demand of $120,000 that he could not substantiate with reason or facts. Two of his claims are time-barred, and the remaining two are improper as predicated on a knowingly invalid registration. Given these dispositive issues and the extortion that animated this case, it should be approached step-wise to limit the demands on Court and ensure fairness and judicial efficiency.

4. **Disclosure Statement**

    ☒ The parties have filed their disclosure statement as required by Federal Rule of Civil Procedure 7.1 and Local Rule 3.03.

5. **Related Action**

    ☒ The parties acknowledge their continuing duty under Local Rule 1.07(c) to notify the judge of a related action pending in the Middle District or elsewhere by filing a "Notice of a Related Action." No notice need be filed if there are no related actions as defined by the rule.

6. **Consent to a Magistrate Judge**

    > "A United States magistrate judge in the Middle District can exercise the maximum authority and perform any duty permitted by the Constitution and other laws of the United States." Local Rule 1.02(a). With the parties' consent, a district judge can refer any civil matter to a magistrate judge for any or all proceedings, including a non-jury or jury trial. 28 U.S.C. § 636(c).
    >
    > The court asks the parties and counsel to consider the benefits to the parties and the Court of consenting to proceed before a magistrate judge. Consent can provide the parties certainty and flexibility in scheduling. Consent is voluntary, and a party for any reason

> can decide not to consent and continue before the district judge without adverse consequences. *See* Fed. R. Civ. P. 73(b)(2).

☐ The parties do consent and file with this case management report a completed Form AO 85 "Notice, Consent, and Reference of a Civil Action to a Magistrate Judge," which is available on the Court's website under "Forms."

☒ The parties do not consent.

7. **Preliminary Pretrial Conference**

☐ The parties do not request a preliminary pretrial conference before the Court enters a scheduling order.

☐ The parties do request a preliminary pretrial conference, and the parties want to discuss

**Plaintiff** does not request a preliminary pretrial conference before the Court enters a scheduling order.

**Defendant** requests that the Court refer certain issues to the Register of Copyrights under 17 U.S.C. § 411(b)(2) (where "inaccurate information" is alleged by a defendant, "the court shall request the Register of Copyrights to advise the court whether the inaccurate information, if known, would have caused the Register of Copyrights to refuse registration"). Also at the preliminary conference, (2) defendant will separately discuss its request for an early motion for partial summary judgment on the statute of limitations with respect to two of plaintiff's claims and the pendency of two Supreme Court cases and one Eleventh Circuit case that are likely to be controlling, and the need for a stay of the case.

8. **Discovery Practice**

> The parties should read the Middle District Discovery Handbook, available on the Court's website at flmd.uscourts.gov/civil-discovery-handbook, to understand discovery practice in this District.

☒ The parties confirm they will comply with their duty to confer with the opposing party in a good faith effort to resolve any discovery dispute before filing a motion. *See* Local Rule 3.01(g); *Middle District Discovery* (2021) at § I.A.2.

9. **Discovery Plan**

The parties submit the following discovery plan under Rule 26(f)(2):

4

A.  The parties agree to the timing, form, or requirement for disclosures under Rule 26(a):

☒ Yes.
☐ No; instead, the parties agree to these changes: enter changes.

B.  Discovery may be needed on these subjects:
   a. Plaintiff: How the photograph was used by Defendant; the extent the photograph was used; the financial gains the Defendant received from use of the photograph; the creation, ownership, and registration of the copyright in the photograph; the licensing and permission to use the photograph granted to third parties; Plaintiff's rights in the photograph; Plaintiff's standing; and, Plaintiff's damages
   b. Defendant: Plaintiff's copyright trolling business model, including his approach to settlement, discussions with (or lack thereof) respecting his case value in this case and others, the amount of money he generates from lawsuits versus arm's-length licensing transactions; settlements in his many other lawsuits and pre-suit threats; when the alleged infringement occurred; the objective market value of the images; the actual license to the images and not the non-license labor and expenses invoiced to Big Pharma in their creation; the lack of copyright management information (CMI) on the images and defendant's good faith; and other facts relevant to the defenses asserted and in opposition to plaintiff's claimed damages.

C.  Discovery should be conducted in phases:

☐ No.
☐ Yes;

**Plaintiff** does not believe that discovery should be conducted in phases.

**Defendant** believes bifurcated discovery should be had with respect to whether plaintiff's registration is valid and whether plaintiff's claims are time-barred.

D.  Are there issues about disclosure, discovery, or preservation of electronically stored information?

5

      ☒  No.

      ☐  Yes; describe the issue(s).

E.  ☒  The parties have considered privilege and work-product issues, including whether to ask the Court to include any agreement in an order under Federal Rule of Evidence 502(d).

F.  The parties stipulate to changes to the limitations on discovery imposed under the Federal Rules of Civil Procedure and Local Rule 3.04 or other limitations:

      ☒  No.

      ☐  Yes; describe the stipulation.

## 10. Request for Special Handling

☐ The parties do not request special handling.

☐ The parties request special handling. Specifically, describe requested special handling.

Plaintiff does not request special handling.

Defendant Elder Move Helper unilaterally requests special handling. Specifically, it contends this case should be managed to address the fact that it is an abusive copyright trolling scheme where plaintiff's damages are $750 or less (according to what Hussey has previously accepted), and the early referral of the case to the Register of Copyrights as well as eliminating two of the climes as being time-barred.

## 11. Certification of familiarity with the Local Rules

☒ The parties certify that they have read and are familiar with the Court's Local Rules.

## 12. Signatures

*/s/ Daniel DeSouza*
Daniel DeSouza, Esq.,  Lead Counsel
FL Bar No. 19291
dan@copycatlegal.com

Lauren Hausman, Esq.
FL Bar No. 1035947
lauren@copycatlegal.com

Copycat Legal, PLLC
3111 N. University Drive, Suite 301
Coral Springs, FL 33065
Tel. (877) 437-6228
*Attorneys for Plaintiff,*
Tom Hussey Photography, LLC

/s/ Griffin Klema
Griffin C. Klema, Esq.
Fla. Bar No. 100279
Griffin@KlemaLaw.com
**Klema Law, P.L.**
PO Box 172381
Tampa, FL 33672
420 W. Kennedy Boulevard
Tampa, FL 33606
Telephone: 202-713-5292
*Attorney for Defendant*